# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENE MANN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-4042 |
| MELDON VOGEL, RICHARD SHERRARD, and the STATE OF ILLINOIS, | ) |
| Defendants. | ) |

## O R D E R

Now before the Court is Defendant State or Illinois' Motion to Dismiss. For the reasons set forth below, the Motion [#9] is GRANTED.

### BACKGROUND

Plaintiff, Lorene Mann ("Mann"), owns and operates the Rainy Day Daycare Center (the "Center") out of her home in Rock Island, Illinois.[1] On August 20, 2008, Mann temporarily left her day care center to run an errand, leaving her husband, who is also a licensed day care provider, and Sharon Thompson ("Thompson"), a newly-hired assistant, to supervise the children. During a brief period when Mr. Mann was in the restroom and Thompson went upstairs to prepare food for the children, one child hit another child with a high chair tray, causing minor bruising to that child's face. A report was made to DCFS, and an investigation was opened.

---

[1] Unless otherwise noted, the information in this section is taken from the allegations set forth in Plaintiff's Complaint.

During the investigation, DCFS discovered that Thompson was working without the completion of a background search or medical evaluation. Defendant Meldon Vogel ("Vogel"), a DCFS licensing representative, determined that Mann had failed to provide proper supervision to the children by leaving them in the care of an unlicensed assistant. On August 21, 2008, Vogel issued a Protective Plan and ordered that the Center be shut down immediately. DCFS also entered Mann's name into the Illinois state database concerning child abuse and neglect based on its conclusion that she had failed to provide adequate supervision to children in her care.

On January 6, 2009, Defendant Richard Sherrard ("Sherrard"), a DCFS licensing supervisor, conducted a supervisory review of the situation. Sherrard determined that the indicated report of a lack of adequate supervision was a violation of the licensing standards and recommended the revocation of Mann's day care license.

On February 18, 2009, Mann was granted an informal review by DCFS Interim Central Region Licensing Administrator, Kim Morgan ("Morgan"). Morgan ultimately concluded that the lack of adequate supervision was a violation of the licensing standards, but that a corrective plan should be instituted rather than revocation. Mann and DCFS entered into this corrective plan on March 20, 2009.

On April 7, 2009, DCFS conducted a hearing regarding an expungement appeal by Mann, requesting that the indicated report be expunged from her record and that her name be removed from the state database. The Administrative Judge ruled in Mann's favor and expunged the indicated finding of inadequate supervision.

Mann then brought this action alleging violation of her Due Process rights under the Fourteenth Amendment by Vogel and Sherrard, as well as a claim against the State

of Illinois for indemnification. The State has moved to dismiss the indemnification claim in Count III of the Complaint as barred by the Eleventh Amendment. Mann has filed her response, and this Order follows.

## **LEGAL STANDARD**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

## **DISCUSSION**

The State argues that the indemnification claim in Count III is barred by the Eleventh Amendment, as a suit against a state. Mann's response to this argument misses the point and borders on frivolous.

The Eleventh Amendment provides the states with sovereign immunity, precluding federal court jurisdiction over suits brought by an individual against a nonconsenting state. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). State agencies, like DCFS, enjoy the same sovereign immunity from suit as the states themselves. Kroll v. Board of Trustees of University of Illinois, 934 F.2d 904, 907 (7th Cir. 1991). It is well-settled that the state cannot be sued under § 1983. Johnson v. Doe, 234 F.3d 1273, 2000 WL 1529788, at *2 (7th Cir. Oct. 10, 2000), *citing* Vermont Agency of Natural Resources v. United States ex rel. Stevens, 120 S.Ct. 1858, 1866 (2000); Johnson v. Supreme Court of Illinois, 165 F.3d 1140, 1141 (7th Cir. 1999).

The Seventh Circuit has clearly rejected the argument that "a state which chooses to indemnify its employees for damages threatens its Eleventh Amendment immunity from suit." Stoner v. Wisconsin Department of Agriculture, Trade and Consumer Protection, 50 F.3d 481, 482 (7th Cir. 1995). The Court of appeals noted that it would be "absurd" if a state law indemnification statute could automatically abrogate Eleventh Amendment immunity by allowing a state to be joined as an indemnitor. Id.; Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3106-08 (1985). Accordingly, the § 1983 claim asserted against the State in Count III is barred and must be dismissed.

**CONCLUSION**

For the reasons set forth herein, the State's Motion to Dismiss [#9] is GRANTED. Count III of the Complaint is DISMISSED, and the State of Illinois is hereby terminated as a party to this action.

ENTERED this 23rd day of December, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge